UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, III, | No. 2:23-cv-0754 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for appointment of counsel, for the attendance of an incarcerated witness and to compel. (ECF Nos. 24, 25, 26, 27.) For the reasons stated herein, plaintiff's motions are denied.

Motion for Appointment of Counsel (ECF No. 24)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.

Motions to Compel (ECF Nos. 25, 27)

In the first motion to compel, filed December 11, 2023, plaintiff alleges that on October 31, 2023, he served defendant Couter with a request for production of documents. (ECF No. 25.) Plaintiff alleges that defendant Couter did not respond to this request. (Id.)

The Discovery and Scheduling Order, filed November 27, 2023, states that responses to written discovery requests are due forty-five days after the request is served. (ECF No. 22 at 5.) At the time plaintiff filed his motion to compel, forty-five days from the date he served the request for production of documents had not passed. Therefore, defendant Couter did not fail to respond to plaintiff's request for production of documents. Accordingly, plaintiff's first motion to compel is denied as premature.

In the second motion to compel, plaintiff requests that the court order California State Prison-Sacramento ("CSP-Sac") to give plaintiff camera footage from the August 10, 2022 incident. (ECF No. 27.) Plaintiff also asks the court to order CSP-Sac to provide him with records regarding the maintenance of cameras on August 10, 2022, so that plaintiff may evaluate any claim that the cameras were not working on that date. (Id.)

On November 13, 2023, plaintiff filed a motion requesting that the court order CSP-Sac officials to give plaintiff videotapes of the at-issue incident. (ECF No. 21.) On November 30, 2023, the undersigned denied plaintiff's motion filed November 13, 2023, because plaintiff did not follow the proper procedures for obtaining the requested evidence. (ECF No. 23.) For the reasons stated in the November 30, 2023 order, plaintiff's second motion to compel is denied.

<u>Motion for Attendance of Incarcerated Witness (ECF No. 26)</u>

  Plaintiff requests that the court order incarcerated witness David Evans be present to testify. (ECF No. 26.) Plaintiff's motion for the attendance of incarcerated witness David Evans is premature because this action is not set for trial. If appropriate, the court will later issue a scheduling order setting the pretrial conference, the jury trial and deadlines for filing pretrial statements. Plaintiff may request the attendance of incarcerated witnesses in his pretrial statement. Accordingly, plaintiff's motion for the attendance of an incarcerated witness is denied without prejudice.

  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 24), plaintiff's motion for attendance of an incarcerated witness (ECF No. 26), and plaintiff's motions to compel (ECF Nos. 25, 27) are denied.

Dated: December 19, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Park754.31