UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:23-cv-00754 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF LYNCH, et al., | |
| Defendants. | |

I. INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendant Lynch's summary judgment motion filed July 8, 2024. (ECF No. 30.) Defendant Lynch moves for summary judgment on the merits of plaintiff's claims and on the grounds that plaintiff failed to exhaust administrative remedies. (Id.) Plaintiff did not file an opposition to defendant Lynch's summary judgment motion.

Defendant Lynch's summary judgment motion did not include the statement of undisputed facts referred to in the summary judgment motion. Accordingly, on August 19, 2024, this Court ordered defendant Lynch to file and serve plaintiff with the statement of undisputed facts referred to in the summary judgment motion. (ECF No. 32.) In an abundance of caution, this Court also ordered defendant Lynch to re-serve plaintiff with notice pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir 1998) (en banc). (Id.) This Court granted plaintiff fourteen days from the date

1

of service of defendant Lynch's statement of undisputed facts to file an opposition to defendant Lynch's summary judgment motion. (Id.)

Defendant Lynch served plaintiff with the statement of undisputed facts on August 19, 2024. (ECF No. 33.) Defendant Lynch re-served plaintiff with the Rand notice on August 20, 2024. (ECF No. 34.) Fourteen days passed from August 19, 2024 and plaintiff did not file an opposition to defendant Lynch's summary judgment motion. For the following reasons, this Court recommends that defendant Lynch's unopposed summary judgment motion be granted on the grounds that plaintiff failed to exhaust administrative remedies regarding his claims against defendant Lynch.

## II. PLAINTIFF'S CLAIMS

This action proceeds on plaintiff's original complaint as to defendants California State Prison-Sacramento ("CSP-Sac") Warden Lynch, CSP-Sac Correctional Officer Watts and CSP-Sac Sergeant Corture.[1] (ECF No. 1.) Plaintiff alleges that on August 10, 2022, defendants Watts and Corture approached plaintiff's cell to conduct a routine cell search. (Id. at 2-3.) Defendant Corture ordered plaintiff to exit his cell and face the wall in the dayroom. (Id. at 3.) As plaintiff complied with the order, defendants Watts and Corture punched plaintiff in the back of plaintiff's head and left side of plaintiff's face. (Id.) Defendant Watts then slammed plaintiff to the ground and twisted plaintiff's arm, causing pain and suffering. (Id.) Defendant Corture put his knee on the left side of plaintiff's neck, causing pain and suffering. (Id.) Defendants Watts and Corture took plaintiff to receive medical care for the wounds they inflicted. (Id.) Defendants Watts and Corture filed false documents stating that plaintiff "battered officers" to cover-up their actions. (Id.) Plaintiff filed an excessive force report requesting that the video footage from the incident be viewed due to defendants Watts and Corture lying and filing false documents. (Id.)

Plaintiff alleges that after the incident, he was locked up in the administrative segregation unit ("ASU"). (Id.) While in the ASU, plaintiff met inmate David Evans who told plaintiff that he was in the ASU for the same thing, i.e., being beaten by defendant Corture and then having

---

[1] The pending summary judgment motion is not made on behalf of defendants Watts and Corture.

2

defendant Corture file a false claim to cover-up his actions. (Id. at 5.) Inmate Evans told plaintiff that defendant Lynch was made "well aware" of defendant Corture's conduct from countless inmates filing grievances and writing to defendant Lynch's office. (Id.)

Plaintiff alleges that defendant Lynch was made aware of defendant Corture's propensity to use excessive force against inmates prior to the August 10, 2022 incident and failed to take reasonable steps to protect plaintiff from defendant Corture in violation of the Eighth Amendment. (Id. at 5-6.)

III. DEFENDANT LYNCH'S SUMMARY JUDGMENT MOTION

A. Legal Standards for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 Advisory Committee Notes to 2010 Amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled on other grounds as stated in Flood v. Miller, 35 F. App'x 701, 703 n.3 (9th Cir. 2002).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences

4

are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

By order and notice filed November 27, 2023, July 8, 2024, 2024 and August 20, 2024 (ECF Nos. 22, 30-5, 34), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B.  Administrative Exhaustion

1.  Legal Standard

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  There is no "special circumstances" exception to the PLRA's rule of exhaustion prior to filing "any action."  Ross v. Blake, 578 U.S. 632, 638-39 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)).

However, the PLRA provides one textual exception by using the term "available," meaning "'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'"  Ross, 578 U.S. at 642 (quoting Booth v. Churner, 532 U.S. 731, 737-38 (2001)).  The Supreme Court found "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  Ross, 578 U.S. at 643-44.  Such circumstances are:

> (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when

5

> the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (quoting Ross, 578 U.S. at 643-44). The Ninth Circuit characterized the list in Ross as "non-exhaustive," stating that "the PLRA does not require exhaustion when circumstances render administrative remedies effectively unavailable." Andres, 867 F.3d at 1078 (internal quotations and citation omitted). "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Id.

In addition, for exhaustion to be "proper," a prisoner must comply with the prison's procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. California Code of Regulations Title 15, section 3482(c)(2), requires an inmate submitting a grievance to, inter alia, "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge ..." Cal. Code Regs. tit. 15, § 3482(c)(2) (effective June 1, 2020).

"Nonexhaustion" is an affirmative defense and defendants have the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1171-72 (9th Cir. 2014). A remedy is "available" where it is "capable of use; at hand." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1171). Grievance procedures that do not allow for all types of relief sought are still "available" as long as the procedures may afford "some relief." Booth, 532 U.S. at 738. If a defendant meets the initial burden, a plaintiff then must "come forward with evidence showing that there is something in his particular case that made the

existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Remedies are "effectively unavailable" where they are "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." Id. (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). "[T]he ultimate burden of proof" remains with the defendants. Albino, 747 F.3d at 1172-73. Only "[i]f the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, [is] a defendant entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166.

2. Analysis

Defendant Lynch argues that plaintiff failed to exhaust administrative remedies as to his claims against defendant Lynch because the one grievance plaintiff filed regarding the August 10, 2022 incident did not mention defendant Lynch or describe any of plaintiff's claims against defendant Lynch. In support of this argument, defendant Lynch refers to plaintiff's deposition testimony and the relevant grievance. At his deposition, plaintiff testified that plaintiff filed one grievance regarding the August 10, 2022 incident, grievance no. 292594. (ECF No. 30-2 at 10 (Pl. Dep. 60:4-7,12-20).) Plaintiff also testified that grievance no. 292594 did not mention defendant Lynch or describe plaintiff's claims against defendant Lynch. (ECF No. 30-2 at 11-12 (Pl. Dep. 61:25-62:3).) Plaintiff also testified that plaintiff did not submit any other grievance related to his claims against defendant Lynch. (ECF No. 30-2 at 11 (Pl. Dep. 61:21-24).) A copy of grievance no. 292594 is attached as an exhibit to defendant Lynch's summary judgment motion. (ECF No. 30-2 at 15-16.) In this grievance, plaintiff described the alleged excessive force used against plaintiff on August 10, 2022 by defendants Corture and Watts. (Id.) In this grievance, plaintiff did not identify defendant Lynch or describe his claims against defendant Lynch. (Id.)

This Court finds that defendant Lynch met his initial summary judgment burden of demonstrating the absence of genuine issue of material fact as to plaintiff's failure to exhaust administrative remedies regarding his claims against defendant Lynch. Grievance no 292594, the only grievance plaintiff filed regarding the August 10, 2022 incident, failed to identify defendant Lynch or describe plaintiff's claims against defendant Lynch, as required by the relevant

1  regulations.  See Cal. Code Regs. tit. 15, § 3482(c)(2).  Grievance no. 292594 did not give prison

2  officials notice of plaintiff's claims against defendant Lynch.  See Griffin v. Arpaio, 557 F.3d

3  1117, 1121 (9th Cir. 2009) (if a plaintiff's grievance does not alert the prison to the plaintiff's

4  problem, then the plaintiff failed to exhaust administrative remedies); see also Fordley v.

5  Lizarraga, 18 F.4th 344, 358 (9th Cir. 2021) (finding that claim against Warden for ignoring

6  defendant's assaultive behavior and harassing conduct was not administratively exhausted where

7  grievance did not name or refer to the Warden or describe the Warden taking, or failing to take,

8  actions that deprived plaintiff of any federally guaranteed right).

9       For the reasons discussed above, this Court recommends that defendant Lynch's

10  unopposed summary judgment motion be granted on the grounds that plaintiff failed to exhaust

11  administrative remedies as to his claims against defendant Lynch.  Because this Court finds that

12  defendant Lynch's summary judgment motion should be granted based on plaintiff's failure to

13  exhaust administrative remedies, this Court need not address defendant Lynch's summary

14  judgment motion as to the merits of plaintiff's claims against defendant Lynch.

15       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district

16  judge to this action; and

17       IT IS HEREBY RECOMMENDED that defendant Lynch's summary judgment motion

18  (ECF No. 30) be granted on the grounds that plaintiff failed to exhaust administrative remedies

19  regarding plaintiff's claims against defendant Lynch.

20       These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, plaintiff may file written objections

23  with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

25  ///

26  ///

27  ///

28  ///

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 9, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Park754.sj

2