UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0754 DC CSK P<br><br><br><br>ORDER |

**I. INTRODUCTION**

　　Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Pending before this Court is plaintiff's motion for appointment of counsel.  (ECF No. 54.)  For the following reasons, plaintiff's motion for appointment of counsel is denied.

**II. LEGAL STANDARD FOR APPOINTMENT OF COUNSEL**

　　District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1  legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
2  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
3  circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of
4  legal education and limited law library access, do not establish exceptional circumstances that
5  warrant a request for voluntary assistance of counsel.

**III.  DISCUSSION**

On October 28, 2024, the Court appointed attorney Benjamin Rudolph Delson to represent plaintiff in this action.  (ECF No. 37.)  On July 14, 2025, Mr. Delson filed a motion to withdraw as counsel.  (ECF No. 48.)  In a declaration submitted in support of the motion to withdraw, Mr. Delson stated that he and plaintiff had irreconcilable disagreements about how this case should be litigated.  (ECF No. 48-1 at 2.)  Mr. Delson also stated that plaintiff's conduct toward Mr. Delson made it difficult for Mr. Delson to carry out representation effectively.  (Id.)  On July 16, 2025, the Court granted Mr. Delson's motion to withdraw.  (ECF No. 51.)  On July 23, 2025, this Court issued a Further Scheduling Order setting this action for jury trial before the Honorable Dena M. Doggins on February 23, 2026.  (ECF No. 53.)

In the pending motion, plaintiff requests that new counsel be appointed to represent plaintiff at trial.  (ECF No. 54 at 1.)  Plaintiff claims that his imprisonment will greatly limit plaintiff's ability to litigate this action.  (Id.)  Plaintiff claims that the issues involved in this action are deeply complex, require significant research and investigation.  (Id.)  Plaintiff alleges that he has limited law library access.  (Id.)  Plaintiff claims that he has been admitted to the mental hospital at the California Medical Facility ("CMF") for mental health issues.  (Id. at 2.)  Plaintiff claims that having counsel appointed to represent plaintiff at trial will better enable plaintiff to present evidence and cross-examine witnesses.  (Id.)  Plaintiff claims that he has been attempting to reach witnesses at another prison who Mr. Delson was supposed to have interviewed for trial.  (Id.)

This Court finds that the issues proceeding to trial are not deeply complex, as plaintiff claims in the pending motion.  This action proceeds to trial as to plaintiff's claims alleging that defendants Watts and Corture used excessive force against plaintiff on August 10, 2022.  (ECF

No. 1.) Plaintiff alleges that during a cell search, defendant Corture ordered plaintiff out of plaintiff's cell and told plaintiff to face the wall in the dayroom. (Id. at 3.) As plaintiff complied, defendants Watts and Corture allegedly punched plaintiff in the back of the head and on the left side of his face. (Id.) Plaintiff alleges that defendant Watts then slammed plaintiff to the ground and began twisting plaintiff's arms, causing pain and suffering. (Id.) Plaintiff alleges that defendant Corture then placed his knee on the left side of plaintiff's neck, causing plaintiff pain and suffering. (Id.) Plaintiff's excessive force claims against defendants Watts and Corture are not particularly complex.

In the pending motion, plaintiff also claims that new counsel should be appointed because the issues in this action require significant research and investigation. As observed in the Further Scheduling Order, discovery is closed. (ECF No. 53.) For this reason, plaintiff's claim that the issues in this action require significant research and investigation is not well supported.

In the pending motion, plaintiff claims that he has mental health issues and has been admitted to the mental hospital at CMF. Plaintiff provides no medical or mental health records supporting this claim or demonstrating that plaintiff's mental health problems render plaintiff unable to litigate this action. Plaintiff also requests that new counsel be appointed because plaintiff has limited law library access. As stated above, limited law library access is not an exceptional circumstance warranting appointment of counsel.

The resources available to the court to appoint counsel to represent prisoners proceeding pro se are very limited. As discussed above, the Court previously appointed counsel to represent plaintiff but counsel withdrew. For this reason and the reasons discussed above, the Court can expend no additional resources in finding new counsel to represent plaintiff at trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 54) is denied.

Dated: August 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

park0754.31.new/2