UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, III, | No. 2:23-cv-0754 DC CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| JEFF LYNCH, et al., | |
| Defendants. | |

    Plaintiff is state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Further Scheduling Order filed July 23, 2025, plaintiff's pretrial statement was due on August 29, 2025. (ECF No. 53.) Plaintiff did not file his pretrial statement. By order filed September 10, 2025, plaintiff was ordered to show cause within fourteen days why this action should not be dismissed for his failure to file a pretrial statement. (ECF No. 58.) Plaintiff was warned that failure to respond to the September 10, 2025 order would result in a recommendation of dismissal of this action. (Id.) Fourteen days passed from September 10, 2025 and plaintiff did not respond to the September 10, 2025 order. For the reasons discussed below, this Court recommends that this action be dismissed without prejudice based on plaintiff's failure to prosecute. See Fed. R. Civ. P. 16(f); Local Rule 110.

    The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

1

the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, in determining to recommend that this action be dismissed, the Court considered the five factors set forth above.  The Court cannot effectively manage its docket if plaintiff ceases litigating his case.  Plaintiff's failure to file the pretrial statement on August 29, 2025 and failure to respond to the September 10, 2025 order to show cause suggests that plaintiff abandoned this action and that further time spent by the Court thereon will consume scarce judicial resources.  In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California.  Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to file a pretrial statement, is neutral.  While plaintiff's failure to file the pretrial statement could delay resolution of this action, and a presumption of injury arises from the unreasonable delay in prosecuting an action, Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976), the dismissal of this action would not prejudice defendants.

The fourth factor—public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.

The fifth factor—availability of less drastic sanctions—favors dismissal. The Court warned plaintiff that failure to respond to the September 10, 2025 order would result in dismissal of this action. (ECF No. 58.) The Court finds no suitable alternative to dismissal of this action.

Despite the lack of prejudice to defendants and the public policy favoring disposition on the merits, this Court finds that the first, second and fifth factors discussed above weigh in favor of dismissal. Accordingly, this Court recommends dismissal of this action based on plaintiff's failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that the trial confirmation hearing set for November 14, 2025 at 1:30 p.m. and the jury trial set for February 23, 2026 at 9:00 a.m. before the Honorable Dena M. Coggins are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 16(f); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Park754.fps/2

3